IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID MARK HARDY, #14486-078 | § | |
| VS. | § | CIVIL ACTION NO. 4:12cv766 |
| ERNEST GONZALEZ, ET AL. | § | |

## ORDER OF DISMISSAL

Plaintiff David Mark Hardy, a prisoner confined at F.C.I. Beaumont (Medium), proceeding *pro se* and *in forma pauperis*, filed the above-styled and numbered civil lawsuit. The complaint was referred to United States Magistrate Judge Amos L. Mazzant, who issued a Report and Recommendation concluding that the lawsuit should be dismissed. Hardy has filed objections.

The lawsuit concerns the circumstances leading up to Hardy's conviction in 2009 in Case Number 4:07CR00076-04. Among other things, he argued that his conviction was the product of a RICO violation. Magistrate Judge Mazzant appropriately concluded that his claims were barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). In his objections, Hardy referred to the conclusion as a "straw man," but he failed to show that *Heck* does not govern his lawsuit. Moreover, he failed to show that his conviction or sentence has been reversed, expunged, invalidated or otherwise called into question in order to bring a civil lawsuit. *Id.* at 486. To the extent that his lawsuit is not governed by *Heck*, he likewise failed to show that his claims are not time-barred. His objections to the Report and Recommendation were not on point and lacked merit.

The Report of the Magistrate Judge, which contains his proposed findings of fact and recommendations for the disposition of such action, has been presented for consideration, and having

1

made a *de novo* review of the objections raised Hardy to the Report, the Court is of the opinion that the findings and conclusions of the Magistrate Judge are correct, and Hardy's objections lack merit. Therefore the Court hereby adopts the findings and conclusions of the Magistrate Judge as the findings and conclusions of the Court. It is accordingly

**ORDERED** that the complaint is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1). To the extent that a judgment in Hardy's favor would necessarily imply the invalidity of his conviction, Hardy's claims are **DISMISSED** with prejudice to their being asserted again until the *Heck* conditions are met. All other claims are **DISMISSED** with prejudice for all purposes. It is finally

**ORDERED** that all motions not previously ruled on are **DENIED**.

So **ORDERED** and **SIGNED** on March  11 , 2013.

_____
Ron Clark, United States District Judge